IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Steve Chandler, #254264 )<br>            )<br>      Petitioner, )<br>            )<br>v.           )<br>            )<br>Sandy Barnett, Warden )<br>            )<br>            )<br>      Respondent. )<br>            ) | Civil Action No.8:08-930-HMH-BHH<br><br>**REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE** |

   The petitioner, a state prisoner, seeks relief pursuant to Title 28, United States Code, Section 2254. This matter is before the Court on the respondent's motion for summary judgment. (Dkt. Entry # 14.)

   Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

   The petitioner filed this habeas action on March 20, 2008. On July 16, 2008, the respondent moved for summary judgment. By order filed July 17, 2008, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On September 17, 2008, the petitioner filed a response opposing the respondent's summary judgment motion.

## PROCEDURAL HISTORY AND FACTS

   The petitioner is a state inmate currently incarcerated in the Wateree River Correctional Institution. (Dkt. # 19.)[1] In March 2001, the Williamsburg County Grand Jury

---

[1] When the petitioner filed this petition, he was incarcerated at the Watkins' Pre-Release Center. (Pet. at 1.)

indicted the petitioner for attempted strong arm robbery and assault and battery of a high and aggravated nature ("ABHAN"). (App. 36-37.) The petitioner represented himself and on August 31, 2004, he pled guilty to the charges before the Honorable Clifton Newman. Judge Newman sentenced the petitioner to ten years for the attempted strong arm robbery charge and a consecutive ten years for the ABHAN charge. (App. 38-39.) The petitioner did not file a direct appeal.

On November 24, 2004, the petitioner filed an application for Post-Conviction Relief ("PCR") raising the following grounds for relief:

1. Denial of appoint of counsel during plea.

2. Double jeopardy.

3. Lack of subject matter jurisdiction.

4. Involuntary guilty plea.

(App. 11.) On December 13, 2005, a hearing was held before the Honorable Thomas W. Cooper, Jr. (App. 23.) The petitioner was present and represented by attorney Craig Brown. At the hearing, the petitioner voluntarily withdrew his PCR action and on March 16, 2006, Judge Cooper issued an order of dismissal to that effect. (App. 34.) On March 28, 2006, the petitioner, through counsel Brown, subsequently filed a motion to reconsider the dismissal. (App. 31.) On April 26, 2006, Judge Cooper denied the motion to reconsider. (App. 33.) A notice of appeal was filed.

Wanda H. Carter, of the South Carolina Office of Appellate Defense, was appointed to represent the petitioner in his PCR appeal. On November 15, 2006, Carter filed a petition for a writ of certiorari raising the following issue: "The PCR court erred in dismissing Petitioner's PCR action in the case because Petitioner did not voluntary [sic] withdraw all allegations raised therein."

2

On January 9, 2008, the South Carolina Supreme Court denied the petitioner's petition for a writ of certiorari, and the remittitur was sent down on January 25, 2008.

In this habeas petition, the petitioner raises the following grounds for relief, quoted verbatim:

> **Ground One:** Denial of trial counsel
> **Supporting Facts:** At the guilty plea hearing I was not appointed counsel to protect my constitutional rights nor to advocate my case. I did not waive my right to counsel. I did not have a collouqy with the trial judge about the dangers of pro se representation on record and I did not acknowledge that I want to proceed pro se. I was not consulted on my appeal rights.
>
> **Ground Two:** Due Process
> **Supporting Facts:** I filed a PCR application listing several grounds and issues. At the PCR evidentiary hearing the PCR court withdrew my PCR application with prejudice. I did not voluntarily withdraw my PCR application.
>
> **Ground Three:** Involuntary Guilty Plea
> **Supporting Facts:** I was not given counsel to consult with and to prepared a defense and to explain the elements of the crime, sentencing ranges and what must be proven to convict me. I was promised by the solicitor that the sentence would be ten years for one count and the other count would be not prossed. The solicitor plea agreement was breached by the court.
>
> **Ground Four:** Insufficient Indictment
> **Supporting Facts:** The indictments which my convictions and sentences rest up is defective pursuant to the appropriate South Carolina statutes that control. The indictment was not properly put before the grand jury pursuant to S.C. law and should have been quashed.

(Am. Pet. 6-11.)

## **APPLICABLE LAW**

**Summary Judgment Standard**

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that

> there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

**HABEAS STANDARD OF REVIEW**

Since the petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir.1998).  Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2).

Federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings," 28 U.S.C.A. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 398 (2000).  "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." *Id.* at 410.

**EXHAUSTION AND PROCEDURAL BAR**

Exhaustion and procedural bypass are separate theories which operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. The two theories rely on the same rationale. The general rule is that a petitioner must present his claim to the highest state court with authority to decide the issue before the federal court will consider the claim.

A.  Exhaustion

The theory of exhaustion is based on the statute giving the federal court jurisdiction of habeas petitions. Applications for writs of habeas corpus are governed by 28 U.S.C. § 2254 , which allows relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States." The statute states in part:

> (b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B) (I) there is either an absence of available State corrective process; or
>>
>> (ii) circumstances exist that render such process, ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. When subsections (b) and (c) are read in conjunction, it is clear that § 2254 requires a petitioner to present any claim he has to the state courts before he can proceed on the claim in this court.  The United States Supreme Court has consistently enforced the exhaustion requirement.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state

law, he is required to state all his grounds in that appeal. SCAR 207; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). The second avenue of relief is by filing an application for PCR. S.C. Code Ann. § 17-27-10 et seq. A PCR applicant is also required to state all of his grounds for relief in his application. S.C. Code Ann. § 17-27-90. Strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

When the petition for habeas relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977); *Richardson v. Turner*, 716 F.2d 1059 (4th Cir. 1983).

B. Procedural bypass

Procedural bypass is the doctrine applied when the person seeking relief failed to raise the claim at the appropriate time in state court and has no further means of bringing that issue before the state courts. If this occurs, the person is procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, *Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, (i.e., direct appeal, appeal from PCR denial) and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a

prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote . . . not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case. *Reed v. Ross*, 468 U.S. 1, 10-11 (1984).

Stated simply, if a federal habeas petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

C. Inter-relation of Exhaustion and Procedural Bypass

As a practical matter, if a petitioner before this court has failed to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. *Matthews v. Evatt*, 105 F.3d 907 (4th Cir. 1997)(citing *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991); *Teague v. Lane*, 489 U.S. 288,297-98 (1989); and *George v. Angelone*, 100 F.3d 353,363 (4th Cir. 1996).

D. Cause and Actual Prejudice

The requirement of exhaustion is not jurisdictional and this court may consider claims which have not been presented to the South Carolina Supreme Court in limited

circumstances. *Granberry v. Greer*, 481 U.S. 129, 131 (1987). In order to have such claims considered, a petitioner must show sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray*, 477 U.S. 478. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id.*

Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. He is required to prove that specific errors infected the trial and were of constitutional dimensions. *United States v. Frady*, 456 U.S. 152 (1982).

## **DISCUSSION**

**Ground One**

In Ground One, the petitioner contends he was denied trial counsel. Specifically, he alleges that he was not appointed an attorney and did not waive his right to counsel. The issue is procedurally barred and also fails on the merits.

At the plea hearing, the judge questioned the petitioner about whether he wanted to waive his right to an attorney. He asked the petitioner if he understood that it is dangerous to represent oneself and he further asked him if he believed he knew enough about the facts of the case to plead guilty and represent himself. The petitioner answered affirmatively to both questions. (App. 2-3.) In his PCR application, the petitioner raised as a ground for relief that he was denied trial counsel because the trial court refused to appoint him counsel. (*Id.* at 12.)

At his PCR hearing, the petitioner moved to withdraw his PCR application because he could not receive PCR on the issue he wanted to raise, i.e. whether the trial court advised him that his sentences could be run consecutively. (*Id.* 26-27.) The petitioner agreed this was the only issue he wanted to raise in his PCR, and the PCR judge informed him that issue could have been raised only on direct appeal. (*Id.* 27.) The PCR judge asked the petitioner whether he understood that if he withdrew his PCR application, he would not be able to reinstate it later and his withdrawal could affect his ability to obtain relief in a federal habeas corpus proceeding. (*Id.* 26-27.) The petitioner voiced his understanding and subsequently the PCR court issued an order dismissing the petitioner's PCR application. (App. 26-27; 34-35.)

In his PCR appeal, the petitioner raised the following issue: Whether the PCR judge erred in dismissing the petitioner's PCR application when the petitioner did not voluntarily withdraw all of his PCR allegations. (Return Attach. # 3 - Pet. for Cert. 2.) The South Carolina Supreme Court denied the petitioner a writ of certiorari. (Return Attach. # 4 - Order.)

First, the undersigned agrees with the respondent that the issue of whether the petitioner waived his right to counsel at this guilty plea is procedurally barred. The petitioner did not file a direct appeal and voluntarily withdrew his PCR application. Furthermore, at the PCR hearing, the petitioner arguably abandoned this issue as he stated that he was only concerned about the sentencing issue in his PCR. (App. 26- 27.) Since the petitioner did not present this claim to the South Carolina Supreme Court for review, and the South Carolina state courts now would find it procedurally defaulted if the petitioner attempted to raise it, then this claim is procedurally barred in this federal habeas proceeding. *Coleman*, 501 U.S. 722. The petitioner has not argued any cause or prejudice. Accordingly, this claim is procedurally barred. In any event, this claim also fails on the merits.

A defendant in a criminal proceeding has a constitutional right to waive his right to counsel and to represent himself. *Faretta v. California*, 422 U.S. 806, 817 (1975). In order to be effective, a waiver of counsel must be knowing, voluntary, and intelligent. *See Iowa v. Tovar*, 541 U.S. 77, 88 (2004). Whether a waiver is knowing, voluntary, and intelligent "depends in each case upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused." *Edwards v. Arizona,* 451 U.S. 477, 482 (1981). In the context of a criminal proceeding that goes to trial, warnings regarding the pitfalls of proceeding without counsel must be rigorously conveyed. *See Patterson v. Illinois,* 487 U.S. 285, 299 (1988). However, "at earlier stages of the criminal process, a less searching or formal colloquy may suffice." *Tovar,* 541 U.S. at 89. In the context of a guilty plea, "[t]he constitutional requirement [for an effective waiver of counsel] is satisfied when the trial court informs the accused of the nature of the charges against him, of his right to be counseled regarding his plea, and of the range of allowable punishments attendant upon the entry of a guilty plea." *Id.* at 81.

The trial court advised the petitioner of his right to a jury trial, his right to confront witnesses, as well as his right to remain silent, and the waiving of any defenses. The court advised the petitioner of the possible sentences. The petitioner indicated he understood and he wanted to plead guilty. (App. 3-4.) While the judge did not specifically ask the petitioner if he knew he had a right to counsel, the judge asked the petitioner if he had a lawyer, and then asked him if he wanted to proceed by himself. Based on the trial transcript, the petitioner received an adequate advisement regarding his right to counsel. Accordingly this claim is without merit and should be dismissed.

**Ground Two**

In Ground Two, the petitioner contends he was denied due process because he did not voluntarily withdraw his PCR application as to all of the issues which he raised in his PCR application. The petitioner raised this issue in his PCR appeal. However, this issue is not cognizable in federal habeas corpus. Alleged defects in state PCR proceedings are not cognizable in a federal habeas action. *Wright v. Angelone,* 151 F.3d 151 (4th Cir. 1998); *Bryant v. Maryland,* 848 F.2d 492, 493 (4th Cir. 1988) (holding that errors and irregularities in connection with state PCR proceedings are not cognizable on federal habeas review). Accordingly, this issue should be dismissed.

**Ground Three**

In Ground Three, the petitioner alleges his guilty plea was involuntary because he did not have counsel and the solicitor breached an alleged plea agreement. Again, these issues were never presented to the state's highest court. *Coleman,* 501 U.S. 722 (issue not properly raised to the state's highest court, and procedurally impossible to raise there now, is procedurally barred from review in federal habeas). Additionally, the petitioner does not argue cause and prejudice. Accordingly, this claim is procedurally barred. In any event, it also fails on the merits.

As to the claim about the lack of counsel, this should be dismissed as discussed in Ground One. As to the claim regarding an alleged plea agreement, there is nothing in the record to support such a claim. The petitioner contends there was a plea agreement whereby he was to receive a ten-year sentence for one charge and the other charge was to be dismissed. However, the trial judge specifically informed the petitioner of the charges and that the maximum possible sentence was fifteen years for the robbery charge and ten years for the ABHAN. (App. 3.) There was no mention of a negotiated plea agreement on the record. In any event, a court is not required to accept a plea agreement reached by the State and the defendant. *Brooks v. State,* 481 S.E.2d 712 (S.C. 1997) (trial court is not required to accept negotiated sentence, and guilty plea transcript indicates trial court

informed applicant of possible sentence). Further, at the PCR hearing the petitioner stated the issue was that his sentences were imposed to run consecutively, rather than concurrently; not that a negotiated plea was not followed. (App. 26-7.)  Accordingly, this claim is without merit and should be dismissed.

**Ground Four**

In Ground Four, the petitioner alleges that his indictments were insufficient because they were not presented to the grand jury. This issue is one of state law and is not coginzable in federal habeas corpus. *Wright v. Angelone,* 151 F.3d 151 (4th Cir. 1998) (*citing Wills v. Egeler,* 532 F.2d 1058, 1059 (6th Cir.1976)("[d]etermination of whether a state court is vested with jurisdiction under state law is a function of the state courts, not the federal judiciary")). *See also Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991) ("It is not the province of a federal habeas corpus court to reexamine state-court determinations on state-law questions.") Accordingly, this issue should be dismissed.

## **CONCLUSION**

Wherefore, it is RECOMMENDED that the Respondent's Motion for Summary Judgment (#14) be GRANTED and the habeas petition be DISMISSED with prejudice.

IT IS SO RECOMMENDED.

                                                          s/Bruce Howe Hendricks
                                                          United States Magistrate Judge

November 18, 2008
Greenville, South Carolina

**The petitioner's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).